UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| Maria Kamci,<br><br>*Plaintiff*,<br><br>v.<br><br>International Assets Market, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00834-CL<br><br>**Plaintiff's Motion for Expedited Discovery** |

Plaintiff Maria Kamci hereby requests that the Court enter an order authorizing her to issue subpoenas to third parties likely to be in possession of information about the Defendants' true identities, locations, and activities. In support, she respectfully shows the Court as follows.

## I.   Background

This case arises from what is known as a "pig-butchering scam." In such scams, the perpetrators convince the victim to 'trade' or 'invest in' cryptocurrencies using a fake-but-realistic-looking online platform that the

perpetrators control.[1] But no 'trading' ever occurs.[2] The perpetrators simply steal the victim's money, then disappear into cyberspace.[3]

Pig-butchering scams are epidemic. Last year, the FBI received 41,557 reports of cryptocurrency-related investment fraud.[4] These victims collectively reported *$5.8 billion* in losses—in a single year.[5] Best estimates are that the pig-butchering syndicates have stolen more than $75 billion from victims around the world since 2020.[6] Thousands of Americans have lost their life savings to the pig-butchers.[7] Some victims have taken their own lives.[8]

Pig-butchering syndicates' mechanics are well known. The largest pig-butchering organizations are based in Southeast Asia, where this type of scam originated.[9] They are managed at the highest level by professional criminals, who use forced labor to fill their operations' rank-and-file.[10] These 'agents' are trained in social-engineering and psychological-manipulation

---

[1] *See* Ex. 1, Declaration of Evan Cole (henceforth "Cole Declaration"), ¶¶ 3 – 9 (describing pig-butchering scams and providing academic literature and FBI reports for comparison).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

techniques, which they use to deceive and steal from the syndicates' victims.[11] Other scam participants specialize in creating and maintaining the fake 'trading platforms' used to deceive victims, or in laundering stolen assets.[12] This is fraud on an industrialized scale, such as the world has never seen. The ultimate beneficiaries are foreign cybercriminals, who have become fantastically rich at the expense of the American middle class.[13] The transfer of wealth and resulting devastation are so great that the scam bosses themselves describe the pig-butchering epidemic as "World War III."[14]

In pig-butchering cases, victims must serve process on foreign cybercriminals who communicated with them using fake identities and intentionally hid their tracks. Recognizing the unique nature of pig-butchering cases, courts have consistently allowed pig-butchering victims to issue expedited discovery to reveal the Defendants' identities and communications channels through which they might be served. This has been crucial in addressing the pig-butchering epidemic and ensuring that victims have a pathway to seek justice and recover their losses.

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

## II. Legal Standard

Typically, parties may not seek "discovery from any source before the conference required by Rule 26(f)."[15] But expedited discovery before a Rule 26(f) conference is permitted where "authorized … by court order."[16] Courts apply a "good cause" standard to determine whether such an order should issue.[17] Good cause may be found where "the need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party."[18]

Many courts have authorized expedited discovery from cryptocurrency exchanges and internet-service providers in cryptocurrency-related fraud cases like this one.[19] Indeed, courts have affirmatively held that any privacy interests that alleged cybercriminals have concerning the discovery of

---

[15] FED R. CIV. P. 26(d)(1).

[16] *Id.*

[17] *Strivelli v. Doe,* No. CV222060MASRLS, 2022 WL 1082638, at *2 (D.N.J. Apr. 11, 2022).

[18] *Id.*

[19] *See, e.g., Cohn v. Popescu*, No. 1:24-CV-00337, 2024 WL 4525511 (E.D. Tex. Aug. 16, 2024) (authorizing expedited discovery in similar cryptocurrency scam case); *Strivelli*, 2022 WL 1082638, at *2 (authorizing expedited discovery and noting "the Court's review of cryptocurrency theft cases reveals that courts often grant motions for expedited discovery to ascertain the identity of John Doe defendants"); *Licht v. Ling*, No. 3:23-CV-1018-X, 2023 WL 4504585, at *4 (N.D. Tex. June 20, 2023) (issuing broad authorization for expedited discovery in functionally identical crypto-fraud case and requiring that "any party served with a request for production shall produce all requested items within 72 hours of the request").

information about their identities and activities is outweighed by the need to adjudicate victims' claims against them.[20]

### III. Proposed Discovery

Ms. Kamci's proposed discovery arises from her pre-suit investigation. As detailed in the Declaration submitted in support of this Motion, this proposed discovery is directed to third parties likely to be in possession of information that will assist Ms. Kamci in identifying and serving the Defendants in this case.[21] The identity of each known subpoena target and that target's connection to the case is detailed below.

| Subpoena Target | Connection to Case |
| --- | --- |
| Jivosite, Inc. | IAT uses JivoChat for their customer service live chat functionality. |
| Truist Bank | IAT instructed Plaintiff to wire money to a Truist bank account in the name of Jamie Weatherford. |
| Meta Platforms, Inc. | Fran Davis and his assistant, Gwen Parry, both used Facebook and Facebook Messenger to communicate with Plaintiff. |
| PrivacyGuardian.org LLC | PrivacyGuardian provides privacy services to the individuals or entities operating the iatmarket.com domain. |
| NameSilo LLC | NameSilo is the domain registrar for iatmarket.com. |

---

[20] *Gaponyuk v. Alferov*, No. 2:23-CV-01317-KJM-JDP, 2023 WL 4670043 (E.D. Cal. July 20, 2023) (finding alleged cybercriminals' privacy interests were "outweighed by the need to adjudicate the [victim's] claims," and holding that "privacy concerns shall not be a just cause for [a] subpoenaed non-party to withhold [] requested documents and information").

[21] Cole Declaration, ¶ 10.

| Bybit Fintech Limited | An account or accounts at Bybit received more than $150,000.00 of Plaintiff's assets. |
|---|---|
| Data Room, Inc. | IAT used Data Room for domain name and email services. |

Ms. Kamci requests the Court's authorization to issue subpoenas to the above-listed entities seeking the following information concerning the Defendants' accounts.

- Biographical and contact information;

- IP address and device logs;

- Payments information,[22] and;

- Account balances and activity.

In pig-butchering cases like this one, the discovery process resembles peeling the layers of an onion. Internet service providers' subpoena responses frequently reveal information warranting additional subpoenas to other internet service providers.[23] For example, a subpoena to Google concerning a Gmail address that the alleged scammers used to communicate with the plaintiff will reveal a Microsoft email address used as the "recovery email" for that account. For that reason, Ms. Kamci seeks the Court's authorization to issue follow-on subpoenas seeking the same scope of information outlined

---

[22] As to payments information, the proposed subpoenas will seek only information sufficient to identify the payments provider and the salient account with that provider.

[23] Cole Declaration, ¶ 11.

above to additional internet-service providers and cryptocurrency exchanges determined to be in possession of relevant information.[24]

### IV.   Conclusion

For the reasons set out above, Ms. Kamci has met the standards for issuance of an order authorizing expedited discovery in this matter. He requests that the Court issue this relief in the form of the proposed order submitted with this Motion.

---

[24] *See Licht*, 2023 WL 4504585, at *4 (authorizing expedited discovery on "any party" likely to have information about the defendants).

Dated: June 17, 2025					Respectfully submitted,

**THE HODA LAW FIRM, PLLC**

_/s/ M. Hoda_

Marshal J. Hoda, Esq.
Tx. Bar No. 24110009 (PHV)
3120 Southwest Fwy
Ste 101 PMB 51811
Houston, TX 77098
o. (832) 848-0036
marshal@thehodalawfirm.com

Casey S. Murdock, OSD #144914
Frohnmayer, Deatherage,
Jamieson, Moore, Armosino &
McGovern, P.C.
murdock@fdfirm.com

*Attorneys for Plaintiff*