UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

|  |  |
|---|---|
| Maria Kamci, *Plaintiff,* v. International Assets Market, *et al.*, *Defendants.* | Case No. 1:25-cv-00834 <br><br> **Plaintiff's Second Motion for Expedited Discovery** |

Plaintiff Maria Kamci hereby moves the Court for leave to notice the deposition of Defendant Barry Duvigneaud and subpoena his bank records. In support, she shows the Court as follows.

I.   **Background**

This case involves a sophisticated financial fraud known as a "pig-butchering scam," in which criminal actors exploited Plaintiff Maria Kamci's trust and induced her to convert her life savings into cryptocurrency under the guise of investment. These actors operated through a sham online trading platform, International Assets Market, at the url www.iatmarket.com. This website mimicked a legitimate cryptocurrency investment platform but was in fact a ruse to siphon funds from victims.

Over a span of months, Ms. Kamci was manipulated into transferring over $386,000 in assets to the IAT scammers, in part by wiring approximately $90,000 across four transactions to a Wells Fargo bank account in the name of Defendant Barry Duvigneaud. Mr. Duvigneaud resides in Medford, Oregon. Ms. Kamci's transfers to Duvigneaud were made at the direction of Fran Davis, a conspirator in the fraudulent IAT scheme. Ms. Kamci was led to believe that her funds were being transferred to Duvigneaud and then "deposited" into her IAT Markets account.[1] Each time she made a transfer to Duvigneaud, her "balance" on IAT Markets increased commensurately.[2] But, when she attempted to withdraw her assets, she discovered that her account had been "locked." When the defendants demanded more money to "unfreeze" her account, she realized that she had been the victim of a scam.

Ms. Kamci then filed this suit, asserting claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), as well as state law claims for fraud and conversion. The Court granted Ms. Kamci's motions for alternate service and expedited discovery. Ms. Kamci has since served five third-party subpoenas. These subpoenas have revealed significant information about the IAT operation, including the existence of additional co-conspirators and at least thirty-nine additional victims.[3]

---

[1] Ex. 1, Declaration of Evan Cole ("Cole Decl."), at ¶ 6.
[2] *Id*.
[3] *Id*. at ¶¶ 3 – 5.

Ms. Kamci caused Defendant Duvigneaud to be personally served with the Complaint and Summons on June 11, 2025,[4] but he has failed to answer or otherwise respond. His deadline to respond has now passed.[5] But Ms. Kamci is actively reviewing evidence received in response her third-party subpoenas, including information that will support the identification and joinder of additional defendants subject to joint and several liability.[6] Accordingly, in light of the *Frow* rule, she has elected not to move for default judgment against Duvigneaud at this time.[7] In order to ensure that Defendant Duvigneaud had notice and an opportunity to respond to the instant Motion, Ms. Kamci caused him to be personally served with a copy of the instant Motion prior to filing.[8]

## II.     Applicable Law

A party must obtain leave of court to issue subpoenas or depose a party prior to the Rule 26(f) conference.[9] In the Ninth Circuit, courts apply a good

---

[4] Dkt. 10 (affidavit of service).

[5] FED. R. CIV. P. 12(a)(1) (defendant must answer Complaint within 21 days after service).

[6] Cole Decl., ¶¶ 3 – 5.

[7] *See, e.g., Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1006 (N.D. Cal. 2001) ("[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.").

[8] Ex. 2, Affidavit of Service (attesting to service of the instant Motion on Barry Duvigneaud).

[9] FED. R. CIV. P. 26(d)(1).

cause standard to determine whether expedited discovery should be allowed.[10] "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."[11]

Courts have repeatedly granted expedited discovery requests when there is some showing of irreparable harm that can be addressed by expedited discovery.[12] In addition, courts have allowed expedited discovery when failing to do so would prevent the case from progressing on the court's docket.[13]

---

[10] *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

[11] *Id.*

[12] *See, e.g., JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 615 F. Supp. 2d 278, 282–83 (S.D.N.Y. 2009) (granting expedited discovery to plaintiffs to determine the location of missing art pledged as collateral for $50 million *241 promissory note); *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008) (allowing limited discovery to minimize the risk of loss or destruction of the physical evidence of infringement); *Stern v. Cosby*, 246 F.R.D. 453, 457–57 (S.D.N.Y. 2007) (allowing expedited discovery to determine whether defendant was interfering with fact witnesses and attempting to obstruct justice in that case); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (allowing expedited discovery on third-parties to locate assets in the United States relating to foreign defendants who had the incentive to hide those assets); *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing limited discovery in infringement action where bean plant variety at issue is a commodity subject to sale and consumption and might not be available for inspection at a later date); *McMann v. Doe*, 460 F. Supp. 2d 259, 265–66 (D. Mass. 2006) (allowing expedited discovery on basis that showing of irreparable harm had been made because plaintiff could receive no remedy without knowing defendant John Doe's true name).

[13] *See e.g., Sheridan v. Oak St. Mortgage, LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007) (noting that absent limited discovery to obtain information relative to class certification and damages, plaintiff would be unable to pursue his claims in that case); *Arista Records LLC v. Does 1–19*, 551 F. Supp.

### III. Argument

Good cause exists to allow Ms. Kamci to subpoena Defendant Duvigneaud's bank records and depose him before the Rule 26(f) conference. Mr. Duvigneaud was a key recipient of victim funds, specifically four wire transfers totaling $90,000 from Plaintiff's personal bank account.[14] Plaintiff has no alternative means to ascertain the purpose, disposition, and current location of those funds without his bank records and his testimony.

Moreover, Mr. Duvigneaud's role in the IAT enterprise suggests that he must possess relevant information about the inner workings of the fraudulent scheme, the identities or whereabouts of other participants, and potentially the existence of recoverable assets.[15] Early testimony from this Defendant may be necessary to preserve these facts while the record is still fresh and before there is risk of dissipation or concealment of assets. No prejudice will result from permitting the deposition at this early stage, particularly where Defendant is already named in the Complaint and has knowledge of his central role in the alleged misconduct.

---

2d 1, 6–7 (D.D.C. 2008) (finding that the case could not proceed without expedited discovery to determine the identity of 19 John Doe defendants); *Semitool*, 208 F.R.D. at 277 (allowing limited discovery in a patent infringement case where it would "substantially contribute to moving the case forward and facilitating compliance with the Patent Local Rules").

[14] Cole Decl., ¶ 6.

[15] *Id.*

## IV. Conclusion

For the foregoing reasons, Plaintiff Maria Kamci requests that the Court grant the relief described herein.

//

Dated: August 27, 2025                    Respectfully submitted,

THE HODA LAW FIRM, PLLC

*/s/ Marshal J. Hoda*

Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
3120 Southwest Fwy. Ste. 101
PMB 51811
Houston, TX 77098
o. (832) 838-0036
marshal@thehodalawfirm.com

Casey S. Murdock,
OSD #144914
Frohnmayer, Deatherage,
Jamieson, Moore, Armosino &
McGovern, P.C.
murdock@fdfirm.com

*Attorneys for Plaintiffs*

- 7 -